# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| PACKERS SANITATION SERVICES, INC., LTD., a Wisconsin corporation, <br><br> Plaintiff, <br><br> v. <br><br> MORONI FEED COMPANY, a Utah corporation; and NORBEST, LLC, a Delaware limited liability company, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:17-cv-01222-PMW <br><br><br><br> Chief Magistrate Judge Paul M. Warner |

Before the court is Plaintiff Packers Sanitation Services, Inc., Ltd.'s ("PSSI") short form discovery motion,[1] in which PSSI seeks compelled responses from Defendant Norbest, LLC ("Norbest") to PSSI's Interrogatory No. 1 and Document Request Nos. 1-4 ("Asset Purchase Requests"). Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

The following general legal standards govern PSSI's motion. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether information is discoverable, the Advisory Committee Notes to Rule 26 direct "the parties and the court [to] focus on the actual claims and

---

[1] *See* docket no. 10.

defenses involved in the action." Fed. R. Civ. P. 26 Advisory Committee Notes 2000 Amendment. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

In its complaint, PSSI asserts three causes of action relating to a services contract: breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. In response to that complaint, Norbest generally contends that PSSI failed to timely perform under the contract. As noted by Norbest, the pleadings in this case contain no other claims.

PSSI contends that after Norbest filed its answer, Norbest sold substantially all of its assets. Presumably in response to discovering that information, PSSI served the Asset Purchase Requests upon Norbest. Through the Asset Purchase Requests, PSSI seeks information relating to the identity of any parties to whom any of Norbest's assets may have been sold, along with any related documentation. Norbest objected to the Asset Purchase Requests and refused to provide any responsive information.

In its motion, PSSI argues that "as the asset sale took place after the filing of the complaint and answer, the Asset Purchase [Requests are] relevant[,] and judicial economy is served by compelling disclosure."[2] PSSI further asserts that "whether the facilities and location of the services in question were properly transferred" is [d]irectly relevant to a claim for breach of contract and failure to pay."[3] PSSI additionally contends that "the details of the asset sale and

---

[2] *Id*. at 2.

[3] *Id*.

transfer are relevant to the claims at issue and serve judicial economy, allowing full evaluation of claims, parties[,] and collectability."[4]

The court concludes that those arguments are both unsupported and without merit. As noted above, the Advisory Committee Notes to Rule 26 direct "the parties and the court [to] focus on the actual claims and defenses involved in the action." Fed. R. Civ. P. 26 Advisory Committee Notes 2000 Amendment. In this case, PSSI's complaint asserts straightforward causes of action related to breach of contract. The court has determined that the information sought by the Asset Purchase Requests bears no direct relevance to those causes of action and, therefore, is not discoverable.

Furthermore, the sole case relied upon by PSSI is clearly distinguishable from this case. In *Macris & Assocs., Inc. v. Neways, Inc.*, 131 P.3d 263 (Utah Ct. App. 2006), the plaintiff had asserted claims for fraudulent conveyance, alter ego, and successor liability. *See id*. at 264. While the information sought by the Asset Purchase Requests could be potentially relevant to the types of claims asserted in *Macris*, those claims are not present in this case.

For those reasons, PSSI's short form discovery motion seeking compelled responses from Norbest to the Asset Purchase Requests is DENIED.

DATED this 6th day of June, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *Id*.