IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PACKERS SANITATION SERVICES, INC., LTD., a Wisconsin Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MORONI FEED COMPANY, a Utah Corporation; and NORBEST, LLC, a Delaware Limited Liability Company, <br><br> Defendants. | **MEMORANDUM DECISION & ORDER DENYING PACKERS SANITATION SERVICES, INC.'S MOTION TO AMEND COMPLAINT** <br><br> Case Nos. 2:17-cv-01222 <br><br> Judge Clark Waddoups |

Plaintiff, Packers Sanitation Services, Inc. (Packers) moves the court for leave to amend its Complaint. Upon review of the briefing, the court finds oral argument unnecessary to resolve this motion. Because the court concludes that Packers has not established good cause for amendment, the court **DENIES** Packers' Motion. (ECF No. 15.)

## FACTUAL BACKGROUND

On September 9, 2012, Defendant Moroni Feed Company (Moroni) entered into a contract with Packers. (*See* Compl. ¶ 8, ECF No. 2 at 2.) According to Packers, "[f]ollowing a merger with Moroni in 2015," Defendant Norbest, LLC (Norbest) "accepted and continued services with" [Packer]."[1] (ECF No. 17 at 2.) Sometime around "January 2018, Norbest sold substantially all of its assets to a third party . . . ." (ECF No. 17 at 3.) "On February 5, 2018, Norbest sent [Packers] a settlement offer specifically informing [Packers] that Norbest had sold

---
[1] Norbest denies that it merged with Moroni in 2015. (*See* Answer ¶ 11, ECF No. 4 at 2 ("Norbest admits that it received services from Plaintiff after 2015, but otherwise denies the allegations set forth in paragraph 11 of the Complaint.").)

substantially all of its assets to a third-party buyer." (ECF No. 16 at 3.) According to Packers, "prior to February 5, 2018," it "was unaware that Norbest had sold . . . its assets in January, after suit had been filed" in November. (*See* ECF No. 17 at 4.)

## PROCEDURAL BACKGROUND

On November 27, 2017, Packers filed a complaint asserting breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (Compl. ¶¶ 19–34, ECF No. 2 at 3–5.) On December 28, 2017, (Norbest) filed its Answer. (ECF No. 4.) On February 13, 2018, the Magistrate Court entered a scheduling order (ECF No. 9) based upon the Attorneys' Planning Report. (ECF No. 8.) The scheduling order set a May 1, 2018 deadline for the parties to amend their pleadings and add parties. (ECF No. 9 at 3.)

"On March 13, 2018," Packers "served a set of written discovery on Norbest, seeking information relating to the asset sale" that occurred in January of 2018. (*See* ECF No. 16 at 4.) "On April 27, 2018, Norbest objected and responded to [Packers'] written discovery . . . ." (ECF No. 16 at 4.) As of that date Packers knew Norbest would not voluntarily produce information about the sale and had sufficient information to seek leave to amend the complaint. "On May 11, 2018, [Packers] filed a short form motion to compel discovery relating to the asset purchase sale . . . ." (ECF No. 16 at 4.) On May 18, 2018, Norbest filed its response opposing Packers' motion. (ECF No. 13.) On June 6, 2018, the Magistrate Court entered an order denying Packers' motion. (ECF No. 14.) The Magistrate Court "determined" that the information Packers sought had "no direct relevance to [the] causes of action" in Packers' then existing Complaint. (ECF No. 14 at 3.) But the Magistrate suggested that the information relating to the asset sale "could be potentially relevant" to claims "for fraudulent conveyance, alter ego, and successor liability." (*See* ECF No. 14 at 3.)

On June 13, 2018, (after the May 1st deadline to amend pleadings) Packers filed a Motion to Amend its Complaint, "under Utah Rules of Civil Procedure 15(a)(2)," "for the purpose of adding additional unknown parties and of adding additional claims for relief previously not known to Plaintiff." (ECF No. 15 at 1.) Fraudulent conveyance, successor liability, and "breach of contract—alter ego" were some of the additional claims that Packers included in their proposed First Amended Complaint. (*See* ECF No. 15-1 at 6–11.)

On June 27, 2018, Norbest filed its Opposition to Packers' Motion to Amend. (ECF No. 16.) Norbest argued that Packers' Motion to Amend should be denied for three reasons. "First," they argued that Packers was "dilatory in bringing [its] Motion to Amend." (ECF No. 16 at 5.) "Second," they argue that "the facts and circumstances further suggest that" Packers "is not acting in good faith . . . ." (ECF No. 16 at 6.) "Third," they argue that "the addition of the proposed claims would unduly and complicate the proceedings . . . ." (ECF No. 16 at 7.)

On July 5, 2018, Packers filed its "Reply in Support of its Motion to Amend Complaint filed on June 13, 2018, pursuant to Federal Rules of Civil Procedure 15(a)(2)." (ECF No. 17 at 1.) In the Reply, Packers states that it "seeks to further amend its Complaint to reflect new parties related to Defendant's asset sale in January of 2018, two (2) months after the Complaint was originally filed and served." (ECF No. 17 at 1–2.) Packers argues that "Norbest's Objection fails and the Court should grant [Packers'] Motion because [Packers] was actively working towards a resolution and did not delay, because [Packers] is acting in good faith and Norbest has no legitimate reason to believe otherwise, and because the amendment does not unnecessarily complicate the proceedings nor prejudice the Defendants." (ECF No. 17 at 2.)

On July 9, 2018, the Magistrate Court entered an order for the case to be reassigned. (ECF No. 19.) The case was reassigned to this court on that date. (ECF No. 20.) On August 9,

2018, the court entered an Order to Show Cause. (ECF No. 22.) The court ordered Packers to show cause "(1) why the complaint should not be dismissed for lack of jurisdiction or to amend the complaint to plead properly the citizenship of Norbest's members and (2) why the action should not be dismissed without prejudice against Moroni." (ECF No. 22 at 5.)

On August 14, 2018, Packers entered a Notice of Voluntarily Dismissal of Defendant Moroni Feed Company. (ECF No. 24.) It also entered a Response to the court's Order to Show Cause. (ECF No. 25.) In that Response, Packers seeks to "remove and dismiss Stephen Studdert and Richey King individually from the Proposed First Amended Complaint." (ECF No. 25 at 2.) Additionally, Packers attached a new Proposed First Amended Complaint (ECF No. 25-1) that included "changes needed to properly plead the citizenship of Norbest, Revival Funding, LLC, and Wetzlar Investments, LLC." (ECF No. 25 at 2.)

**ANALYSIS**

Because Packers seeks to amend its complaint after the time for amendment under the court's scheduling order has expired,[2] it must demonstrate both "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The court begins by considering Rule 16's good cause requirement. *See id.* at 1241–42.

Rule 16

"Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to

---

[2] As discussed above, the parties were required under the scheduling order to amend their pleadings no later than May 1, 2018. (ECF No. 9 at 3.)

4

modify the scheduling order to permit the proposed amendment." *McCubbin v. Weber Cty.*, No. 1:15-CV-132, 2017 WL 3411910, at *2 (D. Utah Aug. 7, 2017) (citation omitted).

The court has the discretion to determine whether the moving party has established good cause in any particular case. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). In the Tenth Circuit, good cause "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* (alteration in original) (quoting *Gorsuch*, 771 F.3d at 1240). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id*. (quoting *Gorsuch*, 771 F.3d at 1240). "If the plaintiff knew of the underlying conduct but simply failed to raise [the appropriate] claims, however, the claims are barred." *Id* (quoting *Gorsuch*, 771 F.3d at 1240). "The moving party must show good cause for failing to move to amend prior to the cutoff date <u>and</u> for the length of time between learning of the new information warranting amendment and moving to amend." *Vivint, Inc. v. N. Star Alarm Servs., LLC*, No. 216CV00106JNPEJF, 2018 WL 3215663, at *3 (D. Utah Feb. 5, 2018) (citing *Birch*, 812 F.3d at 1248). Good cause to amend does not exist where a party fails to bring an available claim due to an error of law or fact, a strategic decision, or a mere oversight. *See, e.g.*, *Gorsuch*, 771 F.3d at 1241–42 (concluding plaintiffs' error of law did not constitute good cause to amend their pleadings after the amendment deadline).

In *Zisumbo v. Ogden Regional Medical Center*, 801 F.3d 1185 (10th Cir. 2015), the Tenth Circuit considered whether amendment beyond the scheduling order deadline should be permitted. *Id.* at 1196. The plaintiff had sued his employer for race discrimination and retaliation in violation of Title VII and for a violation of Utah law. He subsequently moved to amend his complaint to add a § 1981 claim and additional state law claims based on the same facts

5

underlying the Title VII race discrimination claims. *Id.* at 1194. He offered two explanations for the untimely amendment: first, that his lawyer did not realize until later that he could assert a § 1981 claim and, second, that he only learned of the facts necessary to assert the state law claims in discovery. *Id.* at 1196. The Court rejected both arguments, holding that amendment was not appropriate because the plaintiff possessed all of the facts necessary to assert these claims well before the deadline for amending the complaint had expired. *Id.* The court explained, "belated realizations" that a claim not previously pled may be available, absent new facts, "do not justify granting an untimely motion to add new claims." *Id.*[3]

Considering Packers' Motion in light of the case law, the court concludes it has not shown good cause to amend its Complaint. Packers does not even address Rule 16's good cause requirement. The court nevertheless considers whether Packers' reasons for seeking to amend the complaint would satisfy Rule 16's good cause requirement.

Packers has argued that "[u]ntil February 5, 2018," it "was unaware that Norbest had sold substantially all of its assets in January, after suit had been filed." (ECF No. 17 at 4.) It further argued that "since that date," it "has engaged in settlement discussions," has requested that Norbest "provide additional information about the asset sale," has engaged in "a fact discovery dispute regarding asset-sale information," and subsequently prepared its Motion to Amend "all in immediate succession. (ECF No. 17 at 4–5.)

As noted above, the good cause "standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch,* 771 F.3d at 1240. And,

---

[3] Notably, the Court in *Zisumbo* considered this issue under Rule 15's more lenient standard. 801 F.3d 1185, 1195 (10th Cir. 2015) (Where the "parties dispute[d] whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure govern[ed] [the court's] consideration of [the] issue," the court concluded "we need not resolve this dispute because Zisumbo failed to provide any justification for his delay, and therefore [could not] satisfy even Rule 15's more lenient standard.").

as noted above, good cause to amend does not exist where a party fails to bring an available claim due to an error of law or a strategic decision. *See, e.g.*, *Gorsuch*, 771 F.3d at 1241–42. After learning of the February 5, 2018 asset sale, Packers had 85 days to amend their complaint to add additional claims. Packers has not shown, nor can it show, that the scheduling deadline could not have been met "despite [its] diligent efforts." *Gorsuch,* 771 F.3d at 1240. Packers has not presented the court with any facts that it learned after May 1, 2018 that would justify a late filing of an amended complaint. Packers' reason for its delay in seeking to amend the complaint was that it was involved "a fact discovery dispute regarding asset-sale information." (ECF No. 17 at 4.) This reason for the delay can be characterized either as a strategic decision or an error of law—neither of which establishes good cause. In its Motion to Compel, Packers argued that it was entitled to the information relating to the asset sale. (*See* ECF No. 10 at 2 ("the Asset Purchase Discovery is relevant and judicial economy is served by compelling disclosure.").) But the Magistrate Judge rejected this argument, concluding that Packers' arguments were "both unsupported and without merit." (ECF No. 14 at 3.) This court will respect the Magistrate Judge's ruling. Packers' decision to spend its time seeking discovery that it was not entitled to cannot establish good cause for failing to amend in February—when it possessed the information necessary to amend the complaint. Rule 16(b)(4) prohibits amendment.

This conclusion makes it unnecessary for the court to consider whether amendment would be permitted under Rule 15(a)'s more lenient standard. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [plaintiffs] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *accord Birch*, 812 F.3d at 1249. But the court would find that Packers has failed to adequately justify its delay in seeking to amend its answer and deny the Motion under Rule 15(a) as well.

7

## CONCLUSION

For the foregoing reasons, the court **DENIES** Packers' Motion for Leave to Amend its Complaint. (ECF No. 15.). But the court grants Packers leave to refile an Amended Complaint that properly pleads the citizenship of Norbest's members.

SO ORDERED this 17th day of August 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge